**NOT FOR PUBLICATION**



UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-10367 |
| Plaintiff - Appellee, | D.C. No. 2:15-cr-00382-DLR-1 |
| v. | |
| EDWIN VIDAL TORRES, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Douglas L. Rayes, District Judge, Presiding

Submitted September 13, 2017**
San Francisco, California

Before: WALLACE and WATFORD, Circuit Judges, and SANDS,*** Senior
District Judge.

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\**       The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

\***       The Honorable W. Louis Sands, Senior United States District Judge
for the Middle District of Georgia, sitting by designation.

**1.** Edwin Torres appeals from the judgment entered by the district court pursuant to his guilty plea to one count of assault resulting in serious bodily injury in violation of 18 U.S.C. § 113(a)(6). Torres asserts that his guilty plea was involuntary. "Although we review *de novo* whether a defendant entered a plea knowingly and voluntarily, we apply only plain error review when a defendant appeals based on an unobjected-to Rule 11 procedural violation." *United States v. Carter*, 795 F.3d 947, 950 (9th Cir. 2015) (internal citations omitted).

Torres's guilty plea was constitutionally valid because it was knowing and voluntary. "A plea is voluntary if it 'represents a voluntary and intelligent choice among the alternative courses of action open to the defendant.'" *United States v. Kaczynski*, 239 F.3d 1108, 1114 (9th Cir. 2001) (quoting *North Carolina v. Alford*, 400 U.S. 25, 31 (1970)). Torres's claim that he suffered from untreated depression when he pleaded guilty does not render his plea involuntary. "[D]epression alone is very unlikely to render a plea involuntary," particularly when the defendant was "lucid[]" and appeared to understand the plea proceedings. *Tanner v. McDaniel*, 493 F.3d 1135, 1146 (9th Cir. 2007).

Here, Torres was lucid and actively participated in his plea hearing. In response to questions about his mental health, Torres stated that he felt "solid" and "okay." Throughout the plea colloquy, he was responsive to the court's questions.

He confirmed that he understood the terms of the plea offer he rejected, the elements of the charged offense, and the consequences of pleading guilty. Moreover, Torres's own counsel informed the court that he believed Torres was competent to plead guilty. Based on this record, we conclude that Torres's plea was voluntary.

**2.** To the extent Torres argues that the magistrate judge failed to inquire about his mental state in violation of Federal Rule of Criminal Procedure 11(b), his argument fails. Because Torres did not object to any procedural violation, this court reviews for plain error. *See Carter*, 795 F.3d at 950. If a defendant's statements during a plea colloquy raise questions about his mental state, the court accepting the plea has a duty to inquire further. *See id.* at 955. Here, the court's inquiry was sufficient. After Torres advised the court of his depression, the court asked Torres about his treatment history, whether he was continuing to experience mental health problems, and how he felt at the plea hearing. Only after the court received assurances from Torres and Torres's counsel did it proceed with the plea colloquy. After observing Torres for the rest of the plea hearing, the court concluded that Torres seemed "absolutely 100 percent clear-headed," and was competent to plead guilty. The court fully satisfied the demands of Rule 11(b).

Torres's motion to strike (Docket Entry 27) is **DENIED**.

**AFFIRMED**.